## CARROLL v. BOWLER.

1. PRACTICE IN SUPREME COURT: *Verdict not reversed unless without evidence.*

   The verdict of a jury will not be reversed in this court, unless it appears from the bill of exceptions that there was no evidence of importance to sustain it.

2. PRACTICE: *Instructions must be in bill of exceptions.*

   The motion for a new trial is no place for the instructions of the court. They, and the ruling of the court upon them, and the exceptions to the ruling, must be in the bill of exceptions or they will not be reviewed here.

APPEAL from *Ashley* Circuit Court.

HON. T. F. SORRELS Circuit Judge.

*Carroll pro se.*

EAKIN, J.   This is a suit by a landlord against a tenant, holding under a three years lease, with mutual covenants. The tenant Bowles, after the first year, abandoned the lease and left the place.   Carroll the landlord sued for damages, alleging performance on his part, of all the required stipulations.   The answer denied this: and upon trial, there was a verdict for defendants.   After exceptions and a motion for a new trial plaintiff appealed.

The first three grounds of the motion are: that the verdict was contrary to the law, the evidence, and the instructions given by the court.

The evidence on both sides consists, principally, of the testimony of the parties.   As generally happens in such cases it is conflicting, and in this case it is confused and uncertain.   It was properly left to the jury, and we cannot say there is no evidence of importance to sustain the verdict, under the instructions, or that the verdict was against evidence.   It was their province to weigh it, and they found that no damage had been sustained, or at least none for which plaintiff was en-

Carroll v. Bowler.

titled to recover. We cannot, under the rule established in such cases, question the verdict.

The 4th ground of the motion is, that the court erred in refusing to give, for the plaintiff, upon the trial, certain instructions which are set forth at length in the motion; and which it is alleged were asked and refused, against plaintiffs exceptions.

The bill of exceptions in its statement of facts and proceedings shows that certain other instructions were given upon plaintiffs request; but makes no mention of any that were refused. They first appear incorporated in the motion for a new trial, as the ground for the alleged error.

The motion for a new trial cannot be made the vehicle of bringing to the notice of this court any facts, not otherwise apparent on the face of the record. If based upon facts they should be set forth *aliunde* in the bill of exceptions, so as to be verified by the signature of the Judge. There is no mode of contesting them when first appearing in the motion for a new trial. The Judge, if they are incorrect must of course refuse the motion, and can only show by his signature that such a motion was actually made and over-ruled. This may be strictly true, but it would not prove that the instructions were ever asked, refused, or if refused acepted to. They should first be stated historically, and then referred to in stating the grounds upon which a new trial is asked.

We cannot notice these alleged instructions, and finding no error in the case upon which we can reverse, the judment must stand affirmed.