DE LAPPE v. SULLIVAN.

1. A judgment will not be reversed for errors which could not have prejudiced the appellant.

2. Where, by contract, one is employed by another to do work by the day or month, and nothing is said as to the time of payment for the services to be rendered, his wages are due and may be demanded at the close of each day or month, as the case may be. Such services are comprehended within the meaning of the statute, and after demand for the amount due the laborer may maintain attachment.

*Appeal from County Court of Lake County.*

THE facts are sufficiently stated in the opinion.

Messrs. TEMPLER and HODGES, for appellant

Mr. T. C. EARLY, for appellee.

HELM, J. No objection is made here to the amount of the judgment rendered by the county court, nor to appellant's liability therefor; it is conceded that the labor was performed and that appellee was justly entitled to the sum found due him.

Defendant below demanded an itemized statement of the account sued on; in response thereto plaintiff furnished the following: "Dec. 5th, 1882.  Balance due for work to John Sullivan, $182.65."

The court overruled defendant's motion filed under the statute for a more specific bill of particulars or statement.  The first assignment of error rests upon this ruling.

The suit was tried in the county court on appeal from a justice of the peace, and therefore there are no written pleadings; but, nevertheless, we think the statute applicable to the proceedings in the appellate court, and that defendant might properly invoke its aid by the motion filed.

It is sufficient, however, for us to say that appellant is in no position to avail himself of an error, had one been committed in denying his motion.  For, as already stated, he is not complaining of injustice or injury in the amount of the judgment rendered; he is seeking no reversal on the ground that the sum recovered is excessive, or that he was in any way surprised or prejudiced by the evidence offered in proving the plaintiff's account.

A judgment will not be reversed for errors which could not have prejudiced the appellant.

The ground averred in plaintiff's affidavit for attachment is "that the debt was for work and labor performed, which should have been paid at the time the work and labor was performed."  This averment was duly traversed and put in issue by affidavit in the usual form. But by stipulation of the parties the trial of this issue was postponed till the final hearing; and it was then submitted to and determined by the court in connection with the principal case.

The proofs show that plaintiff was working for defendant by the day; that there was no stipulated time for payment of his wages, but that they were paid from time to time as plaintiff needed the money and made demand

therefor; that either party might terminate the contract of employment, as defendant did, at any time; and that, when discharged, plaintiff demanded the wages then due and unpaid.

Where, by contract, one is employed by another to work by the day or month, and nothing is said as to the time of payment for the services to be rendered, his wages are due and may be demanded at the close of each day or month, as the case may be. We think such services are comprehended within the meaning of the statute relied on, and that, after demand for the amount due, the laborer may maintain his attachment proceeding.

The court was justified in sustaining the attachment sued out in this case. This conclusion disposes of the remaining assignment of error. The judgment will be affirmed.

*Affirmed.*