## SCHOOLFIELD V. HOULE.

1. HARMLESS ERROR DOES NOT AUTHORIZE REVERSAL OF JUDGMENT.— An error which will justify a reversal of a judgment must appear to have been prejudicial to the party seeking to take advantage of it.   The rejection of competent evidence to prove a fact fully established by other evidence, or admitted by the opposite party, is a harmless error.

2. WHAT RIGHTS OR TITLE ACQUIRED BY FILING ON GOVERNMENT LAND UNDER HOMESTEAD LAWS.— Under the homestead laws of the United States no person by filing upon a piece of land acquires any ownership in the same; he obtains an inchoate title, which is only completed when he has resided upon the land the period of time mentioned in the statute, and proved his right to the title, and paid for the same.

3. INSTRUCTIONS — WHEN MAY BE REJECTED.— Instructions not prepared conformably to the requirements of the statute, nor brought to the attention of the court in apt time, may be rejected.

*Error to District Court of Custer County.*

Messrs. H. W. HOBSON and AUGUSTUS MACON, for plaintiff in error.

Messrs. RISING & HARTZELL, for defendant in error.

Richmond, C.  In this action the plaintiff, Elizabeth Houle, sought to recover possession of certain stock from plaintiff in error, sheriff of the county, which had been attached, on a writ properly issued, as the property of Richard Houle, defendant in error's husband.  Verdict for plaintiff, upon which judgment was entered.

The only question presented on the trial of the cause was whether or not Richard Houle had such an interest in the property as was subject to levy and attachment. The theory advanced by plaintiff in error is that in 1876 Richard Houle married the defendant in error, and soon thereafter conveyed to her his team, wagon and harness; and about the same time he conveyed his ranch to one John Howard, brother of defendant in error; and that Howard afterwards conveyed the ranch to defendant in. error; and that by sale of the crops raised on the ranch the money was obtained to purchase the stock in controversy.

We do not deem it necessary to incorporate into this opinion any portion of the testimony given on the trial of the cause.   Suffice it to say that, after a careful and thorough reading of all the testimony in the case, we have arrived at the conclusion that there was sufficient testimony upon which the verdict of the jury could be founded.

It is true there is considerable controversy as to the relation of Richard Houle and defendant in error concerning the operation and management of the ranch, but there was no effort on the part of defendant below to controvert the position taken by the plaintiff that she was the owner in fee-simple of the ranch, and that her husband, living with her, undertook, as her agent and manager, to operate the ranch.

The contention was that it was his labor which resulted in the production of sufficient funds to purchase the stock in controversy.   Therefore the stock in controversy was the property of Richard Houle, and was sub-

ject to attachment for his debts. This question was fairly submitted to the jury by the court in the instructions given, and a verdict was found for plaintiff.

It appears that plaintiff in error offered in evidence a certified copy of the United States receiver's certificate of entry of the land in question by Richard Houle, which was rejected by the court. This is assigned for error. As far as can be learned from the record, the purpose of introducing the certificate of the receiver was to prove the original entry under the homestead laws of the United States of the ranch by Richard Houle. Were we to concede that the rejection of this certificate by the court was error, yet it was a harmless error, as ample testimony appears in the record showing that the entry was made by him. Indeed, it may be said that the admission of Richard Houle establishes all that the certificate of the receiver could possibly have established; and the ownership is sufficiently shown by his conveyance to Howard. Therefore we do not think that the plaintiff in error was prejudiced by the rejection of the proof offered. "It is not every error that calls for a reversal of a judgment. To have this effect the error must appear to have been prejudicial to the parties seeking to take advantage of it." *Dillon v. Russell*, 5 Neb. 484; *De Lappe v. Sullivan*, 7 Colo. 182.

Several instructions were submitted to the court, which were rejected, and it is claimed that the rejection of two of these instructions was error. It appears that one of the instructions was not brought to the attention of the court in apt time. Its rejection was for this reason not error; besides, it was not numbered, or signed by the counsel, as required by the statute. Instruction No. 10, the remaining one challenged, is in the following language: "The burden of proving the title to the property on which the crops were grown, from the sale of which the stock in controversy was bought, is upon the plaintiff; and you are instructed that if you find from the evi-

dence that this property was entered under the homestead laws of the United States in the year 1882 by Richard Houle, and that the same was a final entry, then you are instructed that such homestead law requires five years' continuous possession and ownership before such entry can be made, and you are instructed that you may find from the evidence of such entry that Richard Houle was the owner thereof five years prior to such entry." This instruction is obviously objectionable, as immaterial under the issues. It does not contain a true proposition of law. Under the homestead act no person by filing upon a piece of land acquires any ownership in the same. He obtains an inchoate title, which is only completed when he has resided upon the land the period of time mentioned in the statute, and proved his right to the title, and paid for the same. We see no error in the action of the court refusing to give the instruction mentioned, nor do we find from the record any error which would justify us in disturbing the verdict of the jury. We think the judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.　*Affirmed.*

MR. JUSTICE HAYT not sitting.