CITY OF DURANGO, APPELLANT, v. LUTTRELL, APPELLEE.

1. GROUNDS FOR REVERSAL, HOW DISCLOSED AND PRESENTED.

To justify the reversal of a judgment rendered in a civil action by a court having jurisdiction of the subject-matter and the parties, the record brought to this court for review must disclose,

First, some manifest error affecting the substantial rights of the party seeking such reversal;

Second, such error must appear, either in the record proper, or, if committed in respect to some interlocutory order, ruling or decision not a part of the record proper, the same must have been brought to the attention of the trial court in such apt time and manner as to afford opportunity for correction, and the record of such error must be regularly preserved by bill of exceptions or otherwise; and

Third, the matter relied on for reversal must be duly assigned for error upon the record brought to this court.

2. INSTRUCTIONS TO JURY.

Objections to instructions made for the first time on motion for a new trial are not in apt time for review by this court.

*Appeal from the District Court of La Plata County.*

ACTION for damages occasioned by street excavation in front of plaintiff's premises. Appellee Luttrell was plaintiff below. The city of Durango was defendant. Verdict and judgment for plaintiff. The defendant brings this appeal.

Mr. R. McCLOSKEY and Mr. GEO. T. SUMNER, for appellant.

Messrs. RUSSELL & McCLOSKEY and Mr. S. E. BROWNE, for appellee.

ON REHEARING.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Upon the original hearing of this cause I concurred in the opinion of Mr. Justice HELM, reversing the judgment of the

lower court. Upon the rehearing, I am convinced that the questions of law upon which the opinion of reversal was based are not properly presented for determination upon this appeal.

1. To justify the reversal of a judgment rendered in a civil action by a court having jurisdiction of the subject-matter and the parties, the record brought to this court for review must disclose,

First, some manifest error affecting the substantial rights of the party seeking such reversal;

Second, such error must appear, either in the record proper, or, if committed in respect to some interlocutory order, ruling or decision not a part of the record proper, the same must have been brought to the attention of the trial court in such apt time and manner as to afford opportunity for correction, and the record of such error must be regularly preserved by bill of exceptions or otherwise; and

Third, the matter relied on for reversal must be duly assigned for error upon the record brought to this court.

2. Objections to instructions made for the first time on motion for a new trial are not in apt time for review by this court. Code, sec. 78; 2 Thompson on Trials, secs. 2773, 2778; *Schoolfield v. Houle*, 13 Colo. 394; *Keith v. Wells*, 14 Colo. 321; *Wray v. Carpenter*, 16 Colo. 271; *D. & R. G. R. R. Co. v. Ryan*, 17 Colo. 98; *Carroll v. Bowler*, 40 Ark. 168.

It does not regularly appear by bill of exceptions or otherwise, that any objection was made, or exception reserved, in apt time and manner to any instruction given by the court to the jury, nor does it thus appear that the court refused to give any instruction properly requested by the defendant.

There are no assignments of error relating to the admission or exclusion of testimony.

The only assignments properly presented for consideration are, to the effect:

That the complaint does not state facts sufficient to constitute a cause of action;

That the evidence is insufficient to justify the verdict and that the same is against the law.

The City of Denver v. Vernia, 8 Colo. 399, is a leading case upon such questions of law as are presented by the demurrer to the complaint in this action. In the Vernia case Chief Justice Beck, delivering the opinion of the court, expressly indorsed the view previously announced by Mr. Justice Helm in The City of Denver v. Bayer, 7 Colo. 113, in relation to damages caused by excavating and grading for street improvements; and those cases have been uniformly followed by this court.

Tested by the law thus announced, the complaint, in my opinion, states facts sufficient to constitute a cause of action. The complaint shows in substance that the street excavation made by the defendant city immediately in front of plaintiff's lots was unlawful, unnecessary, and not a reasonable improvement; that the work of excavating was performed in a careless and negligent manner; and that by reason of the excavation thus made, the plaintiff's property has been greatly damaged, etc.

By its answer the defendant city did not attempt to justify the making of the excavation on the ground that it was a reasonable improvement made by authority of the city council to bring the street to a legally established grade; the answer, in addition to certain formal admissions, consisted merely of a general and specific denial of the matters alleged in the complaint. The defendant did not undertake to rest its defense on the ground that the city council was the proper judge as to the reasonableness or necessity of the grading, but by its answer joined issue upon the allegations of the complaint, and thus referred all questions touching the commission of the acts as alleged, the character and necessity of the excavation, as well as the manner of doing the work and the amount of damages, to the decision of the trial court, without reference to any previous decision of those questions by the city council.

I must not be understood as indicating that the city council

by fixing and establishing the grade of a street may thereby preclude a recovery of damages occasioned by street excavations, however unnecessary or unreasonable the same may be. My remarks are intended to show that as no such defense was pleaded in this case, it is unnecessary to consider what might be the effect of such a decision by the city council.

The issues as framed were properly triable by jury under the Code, sec. 173. The jury heard the evidence, viewed the premises, and rendered their verdict; the trial court heard the evidence, and upon due consideration confirmed that verdict. In my opinion the verdict is not so clearly against the evidence and the law applicable to the issues as to warrant an appellate court in reversing the judgment. The former judgment of reversal will be vacated, and the judgment of the district court will be affirmed.

*Affirmed.*

MR. JUSTICE GODDARD concurred.

CHIEF JUSTICE HAYT, having presided at the trial in the court below, did not participate in the review.