[No. 4736.]

LEIPER v. THE CITY AND COUNTY OF DENVER ET AL.

Cities and Towns—Changing Grade of Streets—Damages.

A municipality is not liable for consequential damages to the owner of a lot abutting on the street on account of the

raising or lowering of the grade of the street from the natural surface to the grade established in the first instance, unless such change of grade is unreasonable or has been negligently made. —P. 118.

*Error to the District Court of the City and County of Denver.*

*Hon. S. L. Carpenter, Judge.*

Action by the City and County of Denver and the City of Denver against John H. Leiper. Judgment in favor of the defendant, and plaintiffs bring error. Decision *en banc.*          *Affirmed.*

Mr. Isham R. Howze, for plaintiffs in error.

Mr. H. A. Lindsley, and Mr. H. L. Ritter, for defendants in error.

Mr. Justice Campbell delivered the opinion of the court:

The sole question for decision is whether a municipality is liable to an abutting lot owner for damages resulting thereto from the authorized lowering or raising of the grade of a public street from the natural surface to a grade established by municipal ordinance in the first instance, notwithstanding the fact that the change is reasonable and the work of making the same is skillfully performed. In *The City of Denver v. Bonesteel,* 30 Colo. 107, section 15 of article 2 of our constitution, which is here invoked as creating such liability, was considered at some length. It was there held that under this provision, which declares that private property shall not be taken or damaged for public or private use without just compensation, where a permanent grade of a street is established by a city, and an abutting lot owner improves his property in conformity thereto, the city is liable in damages to such property occasioned by a

subsequent change of the grade of the street. In prior decisions of this court, referred to in the opinion, the same clause of the constitution was the subject of careful consideration. While in the various cases the precise question now presented was not expressly determined, the court, as then constituted, made several observations, which were strictly germane to the exact point decided, that indicated its disapproval of the principle now invoked by the plaintiff.

It is true that in some of the cases from other states cited in the Bonesteel opinion, it was ruled that the municipality is liable to an abutting owner for consequential damages caused by a reduction from the natural surface to a grade established in the first instance, as well as from one authorized grade to another. In other cases the doctrine is applied only in the latter contingency. This diversity in the holdings was expressly referred to at page 111 of our opinion. Such reference, however, was not intended as a final or definite expression of our approval of the former doctrine, or rejection of the latter. Yet that opinion shows that not only is there nothing in any of our own previous cases inconsistent with the conclusion then reached, but all such antecedent expressions of opinion were regarded as consistent with the distinction drawn by Judge Dillon in his valuable work on Municipal Corporations (4th ed.), section 995 b, which was then clearly indicated as the basis of the decision, and as foreshadowing our present conclusion, namely, that municipal liability in these cases should be limited to changes in established grades, and is not to be extended to reductions from the natural surface, except when the change is unreasonable or carelessly made.

It must be conceded that in Illinois, from which our constitutional provision is borrowed, and in the

majority of the other states that have adopted similar clauses, a municipality is held liable for consequential damages resulting from changes in the grade of the street, whether made for the first time or for a change from one established grade to another. However, we are now constrained to hold that for reasonable, and carefully made, changes of the grade of a public street from the natural surface to a legally established grade in the first instance, a municipality is not liable to the abutting lot owner for consequential damages to his property. We are led to this conclusion, not only because of the strong reasons advanced by Judge Dillon, *supra,* but also because of our former decisions, which, in view of the general understanding of the profession as to the doctrine they announce, should be regarded as *stare decisis.*

Judge Dillon, at section 995a, in stating what the abutting lot owner, who builds with reference to the natural surface, in law is bound to contemplate with respect to the power of the municipality in changing the grade of streets, says:

"In view of these considerations, it seems to us clear that for the original establishment of a grade line and the reduction of the natural surface of the street for street purposes to such line, there is no legal right or even natural equity in the dedicator or his assignee to compensation." He further says:

"But *where a grade has been officially established,* and particularly where improvements have been thereafter made according to such established grade, and it is afterwards changed to the injury of the abutting owners, there is a strong natural equity in their favor for compensation. * * * For the reasons above suggested, it seems to us that, on principle, the mere provision of the constitution imposing a liability for property *damaged* for public use does not create a liability on the part of the municipality

8

for reducing the natural surface of the street, in the course of its normal and ordinary improvement for street purposes proper, to a grade line for the first time established. If there are cases to the contrary we doubt whether they were well considered and think that they are not well decided. * * * Although sensible of the apparent difficulty of defining the grounds for the distinction, it seems to us, where a grade line has been officially established and where property has been improved on the faith of it (which is, of course, done on the assumption that the grade is permanent, although the power to change it for the public good exists), that such a case rests upon so strong a basis of natural justice as to bring it within the purpose of the constitutional provision in question. * * * The decisions under the amended constitutional provision upon the exact point, as to its effect on street grade cases, are not as yet very numerous, but some of those referred to in the note to the next section appear to give to this provision a scope greater than the one here suggested.''

Counsel for plaintiff in error, however, says that these observations of Judge Dillon were made in 1890, and after that time a number of cases by the courts of the states where this constitutional provision is in force have ignored his distinction and held that municipal liability is created whenever consequential damages to the abutting owner result from any change whatever in the grade of a street. A leading case so holding is Less -v. City of Butte, 72 Pac. (Mont.) 140, in which the later cases are cited. It is true, as already stated, that the majority of cases support the contention of plaintiff in error, and possibly in only the states of Georgia, Mississippi and Colorado has the qualified doctrine apparently been announced. Notwithstanding the number of cases to the contrary, we are still convinced of the soundness

of the views of Judge Dillon, and our previous decisions are in harmony with his conclusion. This is apparent from the following excerpts, taken from several of its opinions:

The leading case is *City of Denver v. Bayer,* 7 Colo. 113. The precise question there determined was that for consequential damages to a lot abutting on a street over which the city by ordinance had granted to a railroad company the right to build a railroad track, the railroad company, and not the city, was liable. In the course of the carefully considered opinion by Helm, Justice, in discussing consequential damages in such cases, it was said:

"But sometimes these interferences and resulting injury may, properly, even in this state, be held to be *damnum absque injuria;* as where they are occasioned by a reasonable improvement of the street by the proper authority for the greater convenience of the public." And in speaking of the power of the city over its streets, the judge said: "In determining what changes and improvements are most conducive to this end, the council exercises a large discretion. And unless unreasonable changes are made, or injury results to the adjoining premises through the unskillfulness or negligence of those employed, the owner thereof will not be heard to complain, though, in fact, the real value and convenience of his property are diminished thereby; for, in purchasing his lot, or in relinquishing the public easement, he is conclusively presumed to have contemplated this power and authority of the municipal government, and is held to have anticipated any injury to his abutting land resulting from a reasonable and proper exercise thereof." The following remark is quite pertinent:

"The abutting owner may well be presumed to have taken into consideration the fact that the grade of the street might be raised or lowered, that pave-

ments might be laid and bridges and culverts constructed, and that a street railroad even might be built and operated thereon; and it may fairly be presumed that in purchasing he anticipated and allowed for the possible or probable damages to result from these and similar changes, or that he signified his consent thereto, and thus deprived himself of any right to compensation therefor.''

And in referring to the fact that some of the decisions under this constitutional provision would establish the liability of the city in a case like that under consideration, and in summing up the doctrine upon the point, the learned judge concludes: ''As will be observed, we do not go so far as some of these cases. That our position might not be misunderstood, we have, at the risk of being charged with *obiter dictum,* suggested that, as at present advised, we think that for injuries caused by a reasonable change or improvement of the street, by the council, in a careful manner, the abutting owner should not recover.''

In *City of Denver v. Vernia,* 8 Colo. 399, 404, the *Bayer case* was approved, and the concluding observation of Judge Helm, which we have just quoted, was by Chief Justice Beck said to be a correct legal proposition. The concurring opinion of Judge Dickey in *Rigney v. City of Chicago,* 102 Ills. 83, in which the following language was used, was also referred to with approval:

''It is not every change of grade made in a street, which may in effect impair the value of the lot in its vicinity, which is a violation of the right of the proprietor thereof. Such changes in a street as it may reasonably be supposed might be made for the improvement of the public highway, the purchaser of a lot upon a street must be assumed to have consented to when the purchase was made.

The making of such changes is therefore no invasion of his right in that regard."

One of the elements of damages claimed by the plaintiff against the city in the *Vernia case* was for the fixing of the grade of a street in the first instance three feet below the natural surface of plaintiff's lots, and the court held that that was not an element upon which he was entitled to recover.

In *Denver Circle R. R. Co. v. Nestor,* 10 Colo. 403, Judge Helm, in his concurring opinion, refers to the *Bayer* and *Vernia cases, supra,* and says with reference to the constitutional provision here under consideration that the abutting lot owner was bound to anticipate, in making his purchase, that the street would necessarily be occupied by the local public for all the usual and ordinary purposes of a highway, and that the city would, from time to time, so change and improve the street as to render it more convenient for such purposes, and that indirect injuries resulting to him therefrom remain now, as they existed before the constitutional provision was adopted, wrongs without a legal remedy.

In *City of Durango v. Luttrell,* 18 Colo. 123, in an opinion by Mr. Justice Elliott, the doctrine was recognized that for a reasonable improvement of the street, by the authority of the city, in bringing it to a legally established grade, no liability for consequential damages to an abutting lot owner resulted.

In *Gilbert v. G. S. L. & P. Ry. Co.,* 13 Colo. 501, the court remarked that it was not proper to say, notwithstanding the broad terms of our constitution and the unqualified expressions of certain judicial opinions elsewhere, that whenever a depreciation of private property is caused by some public improvement, the owner of the property thus depreciated may recover compensation against the party making

the improvement, and again the previous cases, cited above, were referred to with approval.

In *Pueblo v. Strait*, 20 Colo. 13, Mr. Chief Justice Hayt, in summarizing the doctrine of these cases, says: "For injuries resulting from reasonable and ordinary or usual change and improvement of the street by the municipality the abutting owner cannot recover, provided the change or improvement is made in a careful and skillful manner for the benefit of the public." And in referring to the interpretation put upon similar clauses of the constitution of Illinois and other states, where a recovery is allowed in all cases where private property sustains substantial damage by the making of a public improvement, he recognizes that in Colorado such interpretation has not been followed, and says that in this state "The right of recovery has been limited to those unusual uses to which but few streets are subjected."

As well said by Judge Dillon, while sensible of the apparent difficulty of defining the grounds for the distinction, we regard it as almost, if not quite, *stare decisis* in this jurisdiction, that, for the raising or lowering of the grade of a street by a municipality from the natural surface to the grade established in the first instance, the municipality is not liable to the abutting lot owner for consequential damages to his property, unless the change of grade is unreasonable, or has been negligently made.

The judgment of the district court, being in line with our conclusion, is affirmed.

*Affirmed.*

Decision *en banc*.