[No. 6156.]

WALSH v. WELSH.

1. Limitations — When the Statute Begins to Run — In an action for an account, from the date of the last item.—(344)

2. Practice—Bill of Particulars—The provisions of the code penalizing a party for failing to furnish a bill of particulars, have no application to the trial in the county court of an appeal from a justice. The case of De Lappe v. Sullivan, 7 Colo. 182, is no longer authority upon the question.—(344)

*Appeal from Teller County Court*—Hon. THORNTON H. THOMAS, Judge.

Mr. N. H. MILLER, and Mr. FRED L. SHAW, for appellant.

No appearance for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

In the justice court judgment was rendered against the defendant, appellant here, in the sum of $200.00. The defendant appealed to the county court, where, before the trial, he demanded of plaintiff a bill of particulars. Upon the trial defendant objected to plaintiff giving evidence concerning the account sued upon because a bill of particulars had not been furnished. The court overruled the objection and permitted the plaintiff to testify. The judgment went against the defendant in the county court, from which he appealed.

There is no merit in the cause as presented to us. It is claimed that a part of the account sued upon accrued more than six years before the bringing of the suit. The statute begins running from the last item of an account.

It is also claimed that the court should have sustained the objection to plaintiff testifying because he failed to furnish a bill of particulars. The code provision penalizing the party for failing to furnish

a bill of particulars does not apply to trials in the county court on appeal from justices of the peace. The case of *DeLappe v. Sullivan*, 7 Colo. 182, is not controlling. The opinion in that case was announced when the Code applied to proceedings before justices of the peace.—*Hughes v. Fisher*, 10 Colo. 383.

The judgment is affirmed.         *Affirmed.*

Mr. Justice Gabbert and Mr. Justice Hill concur.