In the matter of ERASTUS WILLARD.

On foreclosure of premises mortgaged to the state, a *part owner* of the premises sold is entitled to redeem within the time allowed by the statute.

Sept. 9th. MOTION for a mandamus. In April last the attorney general sold 74 acres of land, situate in a tract called the Oneida Purchase of 1798, mortgaged to the people of this state by one Seth Holmes. Willard, the relator, became the purchaser, and paid as much as was required of him, and subsequently tendered a bond and mortgage for the residue of the purchase money, and demanded a conveyance from the attorney general. The conveyance was refused, because, in the mean time and within 60 days after the sale, one Joseph L. Williams, the owner of 36 acres, *part* of the land sold, had paid into the treasury of the state all that was due to the state charged on the mortgaged premises, and all that was necessary to be paid to entitle the owner of the mortgaged premises to redeem. Application was now made for a mandamus, commanding the attorney general to execute a conveyance to Willard, on the ground that a *part owner* of mortgaged premises has not a right to redeem.

*M. T. Reynolds,* for relator.

*E. Allen,* contra.

*By the Court,* SAVAGE, Ch. J. It is enacted by the revised statutes, 1 *R. S.* 213, § 13, that whenever any premises mortgaged to the state shall be sold, either under a notice or a decree, it shall be lawful for the mortgagor, *or his heirs or assigns,* to redeem the same at any time within sixty days after the sale ; and by § 18 of the same title it is declared that where the premises so sold shall be purchased by any person other than the attorney general, and not redeemed, a conveyance shall be executed to the purchaser.

The question is whether a *part owner* can redeem, or whether the purchaser is entitled to his deed ?

ALBANY,
Sept. 1830.

In the matter
of Willard.

The statute allows the mortgagor, his *heirs or assigns*, to redeem. It is contended that Williams, being the assignee of a part only, cannot redeem the whole, because he is not assignee of the whole; and that he cannot redeem a part, because the statute makes no provision for redeeming a part of mortgaged premises. The privilege of redemption was granted for the benefit of debtors; and to avoid injury to them by mistakes. The statute grants the privilege to the mortgagor, his heirs and assigns. It is not necessary, in terms, that the assignee shall be assignee of the whole premises granted. No doubt the mortgagor may redeem, though he may have sold the whole; he may have warranted the title and assumed the payment. He has an interest therefore in redeeming. A man who owns half or a smaller quantity may refuse, as in this case, to join in redemption; and if the assignee of a part cannot redeem, he must lose his part. The statute was not passed to aid purchasers or speculators, but to enable honest debtors to élude their grasp. The purchaser is well paid by receiving ten per cent. upon the money paid by him, and the debtor is sufficiently punished by paying that penalty.

The case referred to in 19 *Johns. R.* 379, of redemption by a *creditor* after sale on execution is not applicable. There the object of redemption is to vest the title in the redeeming creditor, in consequence of his lien upon the premises; in such case a creditor cannot redeem unless his lien covers the whole premises sold. But it has not been decided under that statute that the defendant in the execution owning at the time but a part of the premises sold, or that an *assignee* of a part may not redeem, within the time limited by the statute, a whole lot, a part of which he owns. By this construction no one is injured; the redemption simply defeats the sale, and all parties are put in *statu quo*. So here, the redemption defeats the sale, the debt is paid, and the purchaser gets ten per cent. interest for his money. He loses the speculation, and that was the object of the statute. To admit the redemption, is advancing the remedy intended by the statute. It is said that Williams might have had a new account opened with his part of the land, and then prevented a sale by

paying his proportion. So, too, the owner of the residue of the lot might have had a new account opened with his part, and thus secured a sale, if that was desirable. I am of opinion that the redemption is good, and that the motion for a mandamus should be refused.

Mandamus denied.