NEHEMIAH SIMONS, Plaintiff in Error, *v.* JOHN S. WATERMAN, Defendant in Error.

### ERROR TO DEKALB.

It is erroneous to exclude from the jury, evidence which tends to show that a plaintiff, by whatever name he sues, is not the person holding the legal interest in the notes sued on.

THIS suit was originally commenced before a justice of the peace in Kane county, by the defendant in error against the plaintiff in error, and judgment entered in favor of the defendant in error for $88.46, from which an appeal was taken to the Circuit Court of said Kane county. The venue was changed to DeKalb county.

At the October term of the DeKalb Circuit Court, a jury was waived and the cause submitted to the court for trial, and the issue found for defendant in error, and his damages assessed at $97.66, and judgment rendered thereon. J. G. WILSON, Judge, presided.

The bill of exceptions shows that on the trial the defendant in error offered in evidence two promissory notes, to wit:

"$42.72. *Sycamore, November* 3, 1852.

One day after date, — promise to pay to the order of J. S. & J. C. Waterman, forty-two and 72-100 dollars, value received, with interest at ten per cent.
NEHEMIAH SIMONS."

Indorsed on back thereof,

"Pay J. S. Waterman,
J. S. & J. C. WATERMAN."

"$33.00.

Sixty days after date, for value received, I promise to pay J. S. Waterman or order, thirty-three dollars, with interest at ten per cent.

"*Sycamore, Nov.* 23, 1852. NEHEMIAH SIMONS."

To which evidence the plaintiff in error objected, which objection was overruled, and the opinion of the court excepted to.

The plaintiff in error offered to prove that the name of the plaintiff was John C. Waterman, and that J. S. Waterman, to whom the notes were delivered, was James S. Waterman, which was objected to by defendant in error, and the objection sustained, and the opinion of the court excepted to. This was all the evidence given.

A. C. ALLEN, for Plaintiff in Error.

A. M. HERRINGTON, for Defendant in Error.

SKINNER, J. This action was commenced before a justice of the peace and appealed to the Circuit Court, where judgment was rendered for the plaintiff.

On the trial the plaintiff read in evidence two promissory notes executed by the defendant—one payable to " J. S. and J. C. Waterman," and assigned by them to " J. S. Waterman;" the other payable to "J. S. Waterman."

The defendant offered to prove that the name of the plaintiff was " John C. Waterman," and that " J. S. Waterman," to whom one of the notes was made and the other assigned, was "James S. Waterman." The plaintiff objected, and the court sustained the objection.

If the evidence tended to prove that the plaintiff, by whatever name he sued, was not the real person holding the legal interest in the notes sued on, then the evidence was improperly excluded. And if the plaintiff, who sued by the name of *John S. Waterman*, was in fact *John C. Waterman*, and that *James S. Waterman*, who of necessity was somebody else, was the person holding the legal title to the notes, then it would follow that the plaintiff had no right of action.

The evidence, as we understand the record, tended to prove that the plaintiff was not the person having the right of action upon the notes, and therefore improperly excluded.

Judgment reversed and cause remanded.

*Judgment reversed.*