GEORGE W. RIVES, Plaintiff in Error, *v.* SAMUEL MARRS, Defendant in Error.

### ERROR TO EDGAR.

In an action by the holder of a bill of exchange against his immediate indorser, if the payee of the bill is described in the declaration as Bartholomew Whalen, and the bill offered in evidence is drawn in favor of Bart Whalen, the variance will exclude the bill as evidence.

The declaration should contain proper averments to meet such a case.

The payee and first indorser is a competent witness in an action against a subsequent indorser to prove a waiver of notice, payment, or any other fact, which does not impair the genuineness of the bill, or its discharge before or at the time he parted with it.

MARRS sued Rives in the Edgar Circuit Court, as the indorser of a bill of exchange, of which he (Marrs) was the holder. The declaration contains two special counts, and a common count upon an account stated.

The first special count alleges the making of the bill of exchange to one Curtis, directed to one Dickerson, payable to one Bartholomew Whalen, six months after date, at the Edgar County Bank; and that Rives indorsed the bill. That the bill was delivered to Bartholomew Whalen, and by him indorsed to the plaintiff.

The count further avers presentation of the bill at the bank at maturity, and failure of Dickerson to pay it; also that Rives expressly waived protest, and notice of non-payment, and requested that it should not be protested.

The second count alleges the making of the bill of exchange by Curtis, payable to Bartholomew Whalen; that Rives indorsed it by writing his name on the back thereof as indorser; the indorsement of the bill by Whalen to the plaintiff; that Dickerson, the drawee, accepted it; presentation at the bank for payment at maturity, and failure of Dickerson to pay; notice of non-payment to the defendant, and that he has not paid.

The common count is the ordinary count upon an account stated.

The defendant, Rives, filed a plea of the general issue, and the cause was submitted to the court for trial, waiving a jury.

On the trial, the plaintiff, to sustain the issue on his part, offered in evidence a bill of exchange corresponding in date and amount with that described in the declaration, drawn by D. S. Curtis, on J. E. Dickerson, payable to one Bart Whalen, indorsed by Rives. The defendant objected to said bill being received as evidence, but the court overruled the objection, and allowed it to be read, and the defendant excepted.

A witness, *G. E. Levings*, testified that the signature of Curtis to the bill was a genuine signature; that the bill was in the bank for collection before and at the time it became due; that there were no funds in bank to pay it when due; that it was not protested by order of Whalen; that after it was due, there was a payment made on it by one Dill, the partner of the drawee.

The plaintiff then offered to introduce as a witness, Bartholomew Whalen, one of the indorsers, and alleged payee of the bill of exchange, to whom, as a witness, the defendant objected; but the court overruled the objection, and allowed him to be sworn, and the defendant excepted.

*Whalen* testified, that he was the holder of the bill at its maturity, and that he did not protest it; that he afterwards sold it to the plaintiff. That some time before the bill matured, he received a letter from Dickerson, the drawee, requesting him not to protest it. That he informed the defendant of the contents of that letter, and asked Rives if he should protest the bill, and Rives replied, that he thought it would be paid, and that he had better not protest it. That the consideration for the bill of exchange was a lot of cattle owned by Whalen and Dill, which he (Whalen) sold to Dickerson.

The foregoing was all the evidence, and thereupon the court found for the plaintiff. The defendant moved for a new trial, on the ground that the court erred in admitting the evidence objected to by the defendant; and that the finding was contrary to law and evidence. The court overruled the motion for a new trial, and rendered judgment on the finding, and the defendant excepted.

J. STEELE, and T. C. W. SALE, for Plaintiff in Error.

A. GREEN, for Defendant in Error.

WALKER, J. This was an action of assumpsit, by the holder of a bill of exchange against his immediate indorser. The payee of the bill is described in the declaration as Bartholomew Whalen, and the bill read in evidence is drawn in favor of Bart Whalen. The question then presented is, whether this was such a variance as should have excluded it. In the case of *Ducommun* v. *Hysinger*, 14 Ill. 249, this court held that Barent and Barnard were not the same names; and in the case of *Scholes* v. *Ackerland*, 13 Ill. 650, it was held that Seymour was not the same name as Seigmund. There would seem to be at least as clear and distinct a difference, both in the orthography and the sound of the names in this case as in either of the others. Nor

can we judicially know that the latter is a contraction of the first. ' We are unable to know that it is not a full name or the contraction of some other. If the name is correctly given in the declaration, there should have been an averment that the bill was made payable to him by the name adopted, which would have entitled the party to prove that it was a contraction of, and used for the full name.

The next question is, whether the payee and first indorser was a competent witness. If the plaintiff recovered of the defendant, his immediate indorser, it would not release a prior indorser from its payment to the holder, if his judgment proved unavailing, or if the money was collected, the indorser who took up the bill, might recover of any prior indorser, notwithstanding the last holder had recovered his money. Then, whether plaintiff recovered or not, in this action, could not affect the payee's liability. If the plaintiff recovered his money of the defendant, this indorser would be liable to him, or if the plaintiff failed in his suit, then the payee would be liable to him. He was equally liable in the one event as in the other. His interest being equally balanced, he was competent to prove a waiver of notice, payment, or any other fact which did not go to impeach the genuineness of the bill, or its discharge before or at the time he parted with it. This seems to be the doctrine of the adjudged cases of both Great Britain and of this country. Whilst there is not an entire uniformity in them, yet the preponderance seems to be decidedly in favor of this rule. But when a prior indorser is sued by the holder, a remote indorser is held to be incompetent, as he has in that case a direct interest in the event of the suit, as by fixing the liability of a prior indorser, he thereby becomes discharged from liability on his subsequent indorsement. *Hayes* v. *Gorham et al.*, 2 Scam. 429.

The judgment of the court below is reversed, and the cause remanded.    : .

*Judgment reversed.*