# ROBERT B. ELLIS v. THOMAS JEANS, WILLIS LONG, AND W. B. LONG.

NEW TRIAL.—Where an action is tried and facts are found by the Court without a jury, and the evidence is conflicting, a new trial will not be granted on the ground that the findings are not supported by the evidence.

JUDGMENT IN EJECTMENT.—In an action of ejectment brought by E. against J. and L. and L., the Court found as a fact that defendants had at all times since the ouster withheld the possession of the premises from the plaintiff, and gave judgment for plaintiff against the defendants jointly for damages during the whole time. The evidence showed that defendant, J., had been in the exclusive possession of one hundred and twenty acres of the five hundred acres sued for, and had not been in possession during the whole time for which the damages were computed. The Court was not requested to distinguish in its findings from that made against L. and L. *Held*, that plaintiff was entitled to judgment against the defendants jointly.

DAMAGES IN EJECTMENT.—If a plaintiff in ejectment is in possession of a portion of the land sued for, it is error, if the answer denies damages, for the Court to assess damages against defendant for the use of the entire tract.

DISCLAIMER.—In an action of ejectment disclaimers are unknown.

OFFER TO RELEASE PORTION OF JUDGMENT IN SUPREME COURT.—E. recovered judgment against J. and L. and L. for possession of five hundred acres of land,

and five thousand dollars damages. The Supreme Court reversed the judgment, because the damages were excessive, and because E. was in possession of one hundred and eighty acres of the land when suit was brought. E. offered to release the damages and the one hundred and eighty acres from the operation of the judgment. *Held,* that as neither the pleadings nor findings of fact fixed the location of the one hundred and eighty acres, the Supreme Court could not modify its judgment.

FINDING OF FACTS.—The Supreme Court cannot examine the evidence for the purpose of finding a fact. To do so would be the exercise of original rather than appellate jurisdiction.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This action was commenced February 18th, 1856, and judgment was rendered December 20th, 1862. It has been twice before appealed to the Supreme Court, and will be found reported in 7 Cal. 415, and 10 Cal. 456.

Defendant, Jeans, in his separate answer, not only denied the allegations of the complaint, but set up that the defendants had not at any time possessed the land described in the complaint, or any part thereof, as joint or common occupants.

The other facts are stated in the opinion of the Court.

*John Currey,* and *M. A. Wheaton,* for Appellants.

The defendant Jeans has shown no right to any of the land. He occupied only one hundred and twenty acres of the land from eighteen hundred and fifty-four until eighteen hundred and fifty-seven. This he occupied *exclusively,* yet he is included jointly in the judgment, and the same is against him for all the accumulated damages on five hundred acres, (four times as much as he ever touched,) for one year before he was on the land, and for six years after he left.

Such a judgment is evidently unjust. Jeans was only liable for the land he occupied, and for the time he occupied it, and he cannot legally be held to pay for the use of the land he never had nor claimed to have, which he never detained nor assisted to detain from the plaintiff for a moment, and with which he never in any capacity had any connection. Three hundred and eighty acres of the land Jeans never had

35

any connection with for a moment, nor never was nor claimed to be a joint holder with the Longs.

Another objection to the judgment in this case is, that it is against defendants Longs, and in plaintiff's favor, for five hundred acres, yet during all the time, for years before the suit was commenced, and up to the present time, the plaintiff was in the full possession, use, and occupation of one hundred and eighty acres of the eastern portion of it, and to and in which the Longs claimed an interest.

It is respectfully submitted that this is error, as ejectment must be brought against the terre tenant. (*Dutton* v. *Warschauer*, 21 Cal. 609 ; *Garner* v. *Marshall*, 9 Cal. 268.)

The only action Ellis could maintain against the Longs as to the one hundred and eighty acres he had in possession would be to quiet his title against their claim under section two hundred and fifty-four of the Civil Practice Act.

Had the Longs no claim to the one hundred and eighty acres against which Ellis holds the present judgment, the judgment would do them no harm. But their deed and claim does cover it, and their right to it cannot be tried in an ejectment suit in which they are defendants and out of possession of the land, while Ellis is plaintiff and in possession.

*P. W. S. Rayle*, for Respondent.

The first point urged by appellants is that injustice has been done defendant Jeans, because he says that Jeans only had one hundred and eighty acres of the land in controversy.

The defendant Jeans was sued jointly with the defendants Longs and failed to demand a separate verdict, or in this case, there being no jury, separate findings at the trial, and is concluded by a general verdict or judgment. It was not for the plaintiff to *apportion* the wrongs committed by these defendants. When this case was before this Court first, the same point was made by counsel and was decided against them. (See *Ellis* v. *Jeans*, 7 Cal. 417, 418.)

It seems that this point has been too often decided to require

argument, and, if erroneous, is the *law of the case*, and cannot be questioned now.

*P. L. Edwards*, also for Respondent.

By the Court, SHAFTER, J.

This is an action of ejectment, brought to recover the possession of a certain tract of land situated in the County of Solano, containing five hundred acres. The several answer of Jeans denies all the allegations of the complaint. The joint answer of the other defendants contains a like denial and a plea of title and right of possession in themselves. The trial was by the Court. The findings were in favor of the plaintiff, and judgment was entered thereon against the defendants jointly, for restitution of the premises demanded and five thousand dollars damages. The defendants moved for a new trial, on the ground that the evidence was insufficient to justify the findings, and of errors of law occurring at the trial. The motion was denied, and from the order, and also from the judgment, the defendants appeal.

The plaintiff claims under one Vaca, through a deed executed by Vaca to McDaniel on the 21st of August, 1850, and recorded on the 22d of said month. McDaniel deeded to Mizner one undivided half of the land on the day last aforesaid, which deed was recorded June 2, 1851. McDaniel and Mizner deeded to Bayse on the 3d day of May, 1851, which deed was duly recorded on the same day, and Bayse conveyed to the plaintiff March 18, 1852. This deed was recorded on the 24th of March, 1852.

The defendants, with the exception of Jeans, who exhibits no title, also claim under Vaca, by the following deraignment: Deed of Vaca to Pattens and Lyon, dated April 7, 1849, recorded September 24, 1856. This deed was made in pursuance of a contract to convey, executed March 20, 1847, which contract was never recorded. The Pattens and Lyon

conveyed to the defendants Long, March 17, 1851, and the deed was recorded on the second day of July following.

It appears, from the foregoing statement, that the title of the defendants derived from Vaca, the common source, was older than that of the plaintiffs; but that the deed of Vaca to McDaniel, constituting a step in the plaintiffs' deraignment, was first recorded. The defendants introduced evidence for the purpose of proving that the plaintiff and Bayse, and Mizner and McDaniel, had actual notice at the date of the purchases respectively, of the prior deed of Vaca to Pattens and Lyon. The testimony on the point presented was conflicting; and, furthermore, the evidence introduced by the defendants was mainly circumstantial, and, standing by itself, was not, in our judgment, so demonstrative in its character as to preclude intelligent differences of opinion on the question of its weight. Under the settled practice of this Court, a new trial cannot be granted in this case on the ground that the findings are not supported by the evidence.

It appears that the defendant Jeans occupied one hundred and twenty acres of the five hundred acres demanded from 1854 to 1857; that his occupation was limited to the one hundred and twenty acres, and that his occupation was exclusive. It further appears that Jeans was not in possession during the whole of the interval for which damages were computed and given against him and the other defendants jointly.

It does not appear with any proper distinctness that the Court was requested to distinguish in its findings the case of Jeans from that made against his co-defendants; and therefore we consider the plaintiff was entitled to a recovery against the defendants jointly. (*Winans* v. *Christy*, 4 Cal. 70; *Ellis* v. *Jeans*, 7 Cal. 417.)

The appellants further insist that the deed of McDaniel and Mizner to Bayse, and the deed of Bayse to the plaintiff, are void for uncertainty, and that the Court erred in admitting the deeds against the defendants' objection. We have examined the deeds referred to, and are persuaded that in neither of them is the description of the land intended to be conveyed

ambiguous or in any respect uncertain. The place of beginning is fixed in the deeds respectively with entire precision, and thereafter the calls are clear and consecutive until the point of beginning is reached.

It is further objected that the findings are erroneous for the reason that the parol testimony introduced for the purpose of applying the deeds last mentioned to the lands in controversy was insufficient to warrant the conclusion that the Court drew from it. We have examined the testimony in its relations to the question named, and while we fail to detect any conflict we find the testimony to be somewhat loose and disjointed. Objects and localities are referred to in the testimony of the witnesses, which are not produced upon the map introduced for the purposes of illustration, and the oral testimony, though positive enough on certain points, is in other respects somewhat embarrassed by hypothesis. Still we consider that the testimony has some appreciable tendency to support the finding.

But it further appears from all the evidence in the case, and the admissions of counsel in argument are to the same effect— that the plaintiff, at the time this action was brought, in February, 1856, was himself in possession of one hundred and eighty acres, parcel of the five hundred acres demanded; and that the possession continued in him thereafter to the day of the trial. On this state of the evidence, the Court found that the defendants had been in possession of the whole of the five hundred acres since the 6th of May, 1852, and the damages seem to have been assessed through the whole interval and upon the whole area. This finding of the Court upon the subject of damages was undoubtedly erroneous, both in fact and in law. It is true that the defendants, in their answers, deny the plaintiff's title to the whole or any part of the five hundred acres; but it is also true that the plaintiff could not recover damages for the use of land of which the defendants had never dispossessed him.

The counsel of the respondent insists that the defendants should have disclaimed as to the one hundred and eighty acres

in possession of the plaintiff. To this there are two answers. One is, that when damages are denied, no more damages can be given than what the party proves he has actually sustained; and the other is, that in the orderly conduct of an action of ejectment, disclaimers, as such, are entirely unknown. (*Noe* v. *Card*, 14 Cal. 609.)

Judgment reversed and cause remanded for new trial.

By the Court, SHAFTER, J., on motion of Respondent to vacate judgment.

Ejectment. Motion by respondent to vacate the judgment of this Court reversing the judgment of the District Court and granting appellants a new trial on the respondent's filing a release of damages. The motion is objected to by the appellants on the ground that the new trial was granted not only for the reason that the damages were excessive, but for the further reason that the Court below found that the defendant had disseized the plaintiff of the whole of the five hundred acres sued for, when it appeared from all the testimony in the case that the plaintiff was himself in the actual possession and enjoyment of about one hundred and eighty acres thereof at the commencement of the action. To avoid this objection the respondent offers to release the one hundred and eighty acres from the operation of the judgment. If the particular location of the one hundred and eighty acres appeared either in the pleadings or by the findings we might order the modification upon the basis of the record, but there is nothing in either showing the location, and we are not at liberty to examine the evidence for the purpose of determining the location as a question of fact. To do so would be to exercise original rather than appellate jurisdiction.

Motion denied and stay dissolved.

Mr. Justice CURREY, having been of counsel, did not sit on the trial of this case.