## JAMES INGRAHAM

*v.*

## HENRY LUTHER.

PLEADING AND EVIDENCE—*variance.* In an action on a promissory note against the maker, where the plaintiff declares on the note as payable to himself, the defendant may, under the general issue, prove that the note was payable to a person other than the plaintiff, and such being the evidence constitutes a variance which is fatal to a recovery.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. WILLIAM MARSHALL, for the appellant.

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the Warren circuit court against appellant, on a promissory note payable to "H. Luther." Appellant filed a plea of non-assumpsit verified by affidavit, and on the trial offered to prove the note was executed and delivered to Hulbert Luther, and not to appellee, but the court rejected the testimony, admitted the note in evidence, after appellant had admitted that he had signed it. The jury found a verdict in favor of the plaintiff, and the court below, after overruling a motion for a new trial, rendered judgment on the verdict, and defendant prosecuted this appeal.

The object of introducing the evidence which was rejected was to prove that the legal title to the note sued on, was in another person, and that appellee had no legal right to maintain the action in his own name. See *Hilborn* v. *Keeler*, 3 Scam. 344; *Roosa* v. *Crist*, 17 Ill. 451; *Keeler* v. *Campbell*, 24 Ill. 287. It is an elementary rule of practice that an action can only be maintained by the person having the legal title

to the chose in action or the title to the thing in dispute or the right to its immediate possession.

Appellee contends that advantage could only be taken of the fact that he was not the owner of the note by plea in abatement for a misnomer. This is not a question of misnomer, but a question of variance. Appellee avers in his declaration that the note was payable to him, which was denied by the general issue, and appellant had the right under that plea to prove the note was payable to another person. It was so held in *Simmons* v. *Waterman*, 17 Ill. 371. That case is in point, and must control the decision of this. The court below having erred in rejecting the evidence offered by appellant, the judgment of that court is reversed and the cause remanded.

*Judgment reversed.*