# D. D. Bolding et al.

## v.

## Frank Powers, Ex., etc.

Objection made too late.—An action on a promissory note made payable to Mrs. Jane Hoffman, which was introduced in evidence under an averment in the declaration that the defendants made and delivered the same to Mrs. Jane W. Chaffee (appellee's testatrix), by name of Mrs. Jane Hoffman, and no other evidence was offered. *Held*, that it is too late to object in this court that proof was not offered that the person named as payee and appellee's testatrix were one and the same person.

Appeal from the Circuit Court of Richland county; the Hon. Phinney D. Preston, Judge, presiding. Opinion filed September 24, 1885.

Messrs. Allen & Fritchey, for appellants.

Mr. D. A. Preston and Mr. J. M. Hord, for appellee.

Pillsbury, P. J.　This action was instituted by the appellee against the appellants upon a promissory note, which appears upon its face to be made payable to Mrs. Jane Hoffman, and was introduced in evidence upon the trial below, under an averment in the declaration that the defendants made and delivered the note to Mrs. Jane W. Chaffee, (appellee's testatrix,) by name of Mrs. Jane Hoffman. No other or further evidence was offered or introduced by either party and after judgment for the appellee, the appellants made a motion for a new trial which was overruled, and they appeal, and now insist that the court committed a fatal error in finding for the plaintiff below and in rendering judgment against these appealing defendants. The averments in the declaration were sufficient to permit proof that the Mrs. Jane Hoffman, named as payee in the note, and Mrs. Jane W. Chaffee, appellee's testatrix, were one and the same person (Rives v. Marrs, 25 Ill. 315); and had the specific objection been made when the note was offered in

evidence, that it was not made payable to appellee's testatrix as should have been done (Benev. Soc. v. Fictson, 97 Ill. 474) the appellee would have been required to prove that fact or the note would have been excluded; or the defendants might have shown in defense that the note was not delivered to the testatrix, and that she was not the legal owner of it (Ingraham v. Luther, 65 Ill. 446) and thus defeated the action. But here the note was read in evidence without objection and we are not disposed to hold that a defendant may lie by and permit evidence to go to a jury which upon objection might have been rendered entirely competent and then raise the objection for the first time in this court. To allow this to be done would be a premium upon neglect and a travesty upon justice. Let the judgment be affirmed.

Judgment affirmed.