15  445
7a 526

## SPENCER v. CARSTARPHEN.

1. PROMISSORY NOTE — INDORSEMENT INEFFECTUAL WITHOUT DELIVERY.— Mere indorsement of name of payee on promissory note is ineffectual to pass the title thereto without delivery.

2. SAME — MAY STRIKE OUT INDORSEMENT.— Possession of promissory note by payee is, unless the contrary appears, evidence that he is the *bona fide* owner and holder thereof, and he may strike out the indorsement on the note, and maintain an action thereon in his own name without a re-assignment.

### *Appeal from Lake County Court.*

S. J. HANNA, for appellant.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This was an action upon a promissory note by the payee, J. E. Carstarphen, against Spencer, the maker. The defendant pleaded, specially, want of consideration for the note, and a general denial. The trial resulted in a finding and judgment for plaintiff. The defendant brings this appeal.

On the trial the note being offered in evidence by plaintiff was objected to for the reason that the name "J. E. Carstarphen" was indorsed on the back of the note. The court permitted the plaintiff to erase the name so indorsed, and thereupon the note was received in evidence. The defendant objected and excepted to the rulings of the court, and assigns the same for error.

The grounds of objection, as urged by appellant's counsel in the court below and on this appeal, are to the effect that there was a variance between the note as first offered and the complaint, that the indorsement of the payee's name on the back of the note showed that the note had been assigned, that the title had passed out of the plaintiff, and that he could not maintain his suit upon it in his own name, he not being the real party in interest. Section 4, chapter 9, General Statutes 1883, is relied on to support these objections. The section provides in substance that *promissory notes shall*

*be assignable by indorsement thereon under the hand of the
payee, so as absolutely to transfer and vest the property thereof
in the assignee.*

The fact that the name "J. E. Carstarphen" was written
on the back of the note, even if it was the genuine signa-
ture of the payee, did not operate as an assignment of the
note so as to transfer the title thereto without delivery.
The indorsement was in blank; no assignee was named;
and, the note being in the possession of the payee and plaint-
iff in the action, it was evident that there had not been a
delivery thereof. Hence an assignment by the supposed
indorsement was incomplete, and ineffectual to divest the
plaintiff of his title. 1 Daniel, Neg. Inst. § 663 *et seq.;*
Byles, Bills, 150.

The statute relied on by appellant was borrowed from
Illinois. The supreme court of that state, in cases of this
kind, holds that the possession of the note by the payee is,
unless the contrary appears, evidence that he is the *bona
fide* owner and holder thereof, and that he may strike out
the indorsement on the note, and maintain an action thereon
in his own name without a re-assignment. *Brinkley v. Go-
ing,* Breese, 366; *Parks v. Brown,* 16 Ill. 454; *Best v. Bank,*
76 Ill. 608.

The rulings of the county court in permitting the erasure
of the indorsement, and the reception of the note in evi-
dence, were, under the circumstances, not erroneous. It is
unnecessary to determine whether or not, under proper
pleadings, defendant could have given the indorsement in
evidence in his own behalf in connection with other facts
or circumstances as tending to show a transfer of the note.
*Simons v. Waterman,* 17 Ill. 371; *Williams v. Smith,* 21
Mo. 419.

The remaining objection urged for reversal is to the effect
that the evidence is insufficient to sustain the finding of the
court. It is unnecessary to discuss the evidence in detail.
It was somewhat conflicting on the question of the consid-
eration of the note; but, as it might reasonably be con-

sidered sufficient to sustain the plaintiff's side of the issue, we cannot properly disturb the finding of the trial court. The judgment is accordingly affirmed.

*Affirmed.*