ANDREWS ET AL. v. CARLILE ET AL.

1. PRACTICE—PARTIES IN EJECTMENT—JUDGMENT.

The right of a plaintiff to institute a joint action of ejectment against all who are in possession of the demanded premises is clear, and the right of the defendants to make separate defenses is equally well established. But while they may require separate trials, findings and judgments, unless they do so in proper time, a joint judgment may be entered against them all.

2. PRESUMPTION IN FAVOR OF VERDICT.

The proceedings of the lower court must, unless the contrary appears of record, be presumed to have been regular in every respect.

3. APPELLATE PRACTICE—IMMATERIAL ERROR.

A ruling, although technically erroneous, if not prejudicial to the rights of the party complaining, does not constitute reversible error.

4. PRACTICE—AD DAMNUM.

When the defendants have answered, the plaintiff is not limited to the relief demanded in his complaint.

*Error to the District Court of Pueblo County.*

THE defendants in error instituted four actions in ejectment against a large number of persons, including plaintiffs· in error, to recover possession of lots 1 and 2, of the southwest quarter of section 31, township 20 south, of range 64 west. The complaints allege a joint cause of action against all of the defendants, and pray for joint relief, both as to recovery of possession of the property, and damages. The plaintiffs in error filed separate answers, setting up a several occupancy of particular portions of the land by them respectively, and a disclaimer as to the residue.

The defendants in error, in their reply to so much of the separate answers as alleged the separate occupancy of the defendants, respectively, alleged that each and all of the defendants were holding possession of portions of said premises in common, as opposed to the estate and title of plaintiffs in and to the whole and every part thereof, and that during all of the time of their said occupancy there was a community of interests among them in withholding the whole and every part of the premises from the plaintiffs.

By consent, the four actions were consolidated, and tried to the court without a jury as one case. The court found that defendants in error held the fee simple title to the premises, and at the commencement of the action were entitled to the possession thereof; and further found that the defendants and each of them in said consolidated actions were guilty of unlawfully withholding from the plaintiffs the premises, as respectively described in the complaints, and that the plaintiffs were entitled to recover the same of and from the said defendants and each of them, and further found that the plaintiffs had sustained damages by reason of the unlawful withholding of the premises by the defendants respectively, in separate amounts against each, and rendered a joint judgment for possession of the premises, and several judgments for the separate amounts of damages so found against defendants respectively.

The evidence introduced upon the trial is not preserved by a bill of exceptions, and the errors upon which plaintiffs in error rely for a reversal of the judgment are predicated solely upon the record proper. These are: *First*, that the court erred in finding that the defendants and each of them in the consolidated action are guilty of unlawfully withholding from plaintiffs the premises, as described in the complaints, and that plaintiffs were entitled to recover the same from defendants and each of them; and, *second*, in making separate findings of damages against the several defendants, and erred in rendering judgment upon these findings.

Messrs. McFEELEY & McALINEY and Messrs. GALLI-GAN, DEASEY & HIGGINS, for plaintiffs in error.

Mr. JOHN M. WALDRON, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The objections urged against the judgment in this case are more technical than substantial. The right of defendants in

error to institute a joint action against all of the defendants is clear; and the right of defendants to make separate defenses, and to demand separate trials, is equally well established. *Love v. Wilbourn*, 5 Iredell, 344; *Jackson v. Woods et al.*, 5 Johns. Rep. 278; *Greer et al. v. Mezes et al.*, 24 How. (U. S.) 268; *Walker v. Read*, 59 Tex. 187; *Smith et al. v. Shackleford*, 9 Dana, 452.

Yet it does not follow that because defendants filed separate answers, setting up a separate defense to distinct portions of the land described in the complaint, that separate findings and judgments against them must be had. While they may require separate trials, findings and judgments, unless they do so in proper time a joint judgment may well be rendered against them, under the allegations of the complaint. *Smith v. Shackleford*, supra; *Winans v. Christy*, 4 Cal. 70; *Jackson v. Scoville*, 5 Wend. 95; *Ellis v. Jeans*, 26 Cal. 272; *Lick v. Stockdale*, 18 Cal. 219.

In this case it does not appear that a request for separate findings and judgments was made by plaintiffs in error, nor was there any objection or exception made to the judgment as rendered; but, on the other hand, it does appear that by consent the actions, as originally brought, were consolidated and tried together as one case; and it may well be presumed, since the evidence introduced and the proceedings had on the trial have not been preserved, that the judgment was rendered in pursuance of a stipulation, or at least by the consent of counsel for plaintiffs in error. As was said in the case of *Martin v. Force*, 3 Colo. 199: "To support the verdict of the jury or the finding of the court, we are bound to make every fair and just intendment. The proceedings of the lower court must be presumed to have been regular in every respect, unless the contrary appears in the record."

We cannot perceive wherein the plaintiffs in error were in any way prejudiced by the form of the judgment as rendered. It can no more injure them for the judgment to be against all for the possession of the entire premises than for the part each occupied, but would rather redound to their

benefit, since the entry of separate judgments for possession would necessarily increase their costs, and the separate findings and judgments against each as to damages we must assume were sustained by the evidence introduced upon the trial, and adopted by the court as better securing the ends of justice in the case in the least burdensome manner to defendants. If it may be said that the judgment, being a joint judgment for the possession, and separate as to damages, if rendered without consent, is technically erroneous, it is an error in no way prejudicial to the rights of plaintiffs in error, and hence would not constitute reversible error. As held in the case of *Schoolfield v. Houle*, 13 Colo. 394 : " It is not every error that calls for a reversal of a judgment. To have this effect the error must appear to have been prejudicial to the parties seeking to take advantage of it." And as expressly enacted in section 78, Code of 1887 : " The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The further assignment of error, that the judgments for damages are excessive, because in the aggregate in excess of the *ad damnum*, is without merit. The defendants having answered, the plaintiff is not limited to the relief demanded in his complaint. Sec. 169, Code of 1887 ; *Becker v. Pugh*, 9 Colo. 589 ; *Kayser v. Maugham*, 8 Colo. 232.

We are of the opinion that the record fails to disclose any error that would justify a reversal of the judgment. The judgment is therefore affirmed.

*Affirmed.*