THE CHAMPION EMPIRE MINING COMPANY v. BIRD.

1. EVIDENCE—PAROL PROOF.

Parol evidence is inadmissible to vary the terms of a promissory note, unless, in some cases, the evidence shows the delivery to have been conditional.

2. SAME.

The production of a note by an assignee establishes his title, and, in the absence of other testimony, shows him to be a holder for value.

3. IMMATERIAL ERROR.

Where a case was tried to the court, although it may have erred in excluding testimony, yet if it appears that, had the evidence been admitted, no other judgment could have been rendered, the error is immaterial.

*Appeal from the District Court of Pitkin County.*

Mr. WM. O'BRIEN and Mr. H. W. CLARK, for appellant.

Mr. ROBERT G. WITHERS, for appellee.

BISSELL, J., delivered the opinion of the court.

The Champion Empire Mining Company on the 1st of May, 1893, made three promissory notes, each for the sum of $568.19, bearing 10 per cent interest, to the order of B. Clark Wheeler. These notes were indorsed by Wheeler and came into the possession of John Wardell. Wardell, while the holder of the paper, transferred it to Bird to secure sundry obligations. The notes were not paid at maturity, and Bird sued the company. The complaint alleged title and the amount due on the paper. The answer practically conceded the incorporation of the defendant company, the execution of the notes, denied on information and belief that the plaintiff was the owner and set up a special defense. This amounted to a statement of an indebtedness of the company, secured by the pledge of some treasury stock belonging to the corporation, the execution of the notes, Wheeler's representations of the outstanding indebtedness,

a promise on his part to use them in settlement of these debts and an agreement by him to release the stock and turn it into the treasury of the company.

There were apt allegations of a condition attached to the delivery. The notes were produced at the trial by the plaintiff, whereby he showed, of course, title and possession.

At the trial the company offered Newberry's deposition, from which it appeared that at the time the paper was given the Mining Company was indebted to Wheeler for advances in the sum of $22,272.75, which had been expended for the legitimate objects and purposes of the company. The notes were given after an attempted settlement between Newberry, who was the president of the company, and Wheeler. Newberry testified to representations made by Wheeler respecting the difficulty encountered in borrowing money for the corporation, and statements respecting the pledge of certain stock, which is called "treasury stock," and averred to be the company's property. Newberry stated an agreement on Wheeler's part to take up this pledged stock and return it to the treasury on receipt of the notes and after they should be negotiated or sold. Newberry did not attempt to testify to a conditional delivery of the paper. It is important to bear this proposition in mind. After the negotiations had been carried on between Newberry and Wheeler, the notes were executed by the corporation in Aspen, and there delivered to Wheeler without condition or limitation, other than what may be inferred from what had been done by Newberry and Wheeler. Newberry's deposition was offered and objected to as tending to vary by parol testimony the terms and conditions of a written contract. On the trial, the defendant offered Wheeler as a witness, and asked him some questions, and in his testimony he denied all that Newberry had said respecting the agreement to take up the stock and put it in the hands of the company, and the condition attached to the delivery of the notes, which he asserted were given to repay him for absolute advances. The defendant objected to some of this testimony, but afterwards waived

this objection by an extended examination of Wheeler, whereby it appeared the notes were delivered unaccompanied by any condition and without any agreement respecting the procurement of the treasury stock or its surrender to the company, and some evidence which tended to show the company never had any title to the stock which Wheeler had placed in the treasury of the company in order to raise funds to carry on the mining operations. As he testified, the stock was in no sense treasury stock, but stock which belonged to him and which he put in the treasury. Whether the stock was so delivered as to give the company title does not appear, nor is it important.

There are several assignments of error, but the one principally argued, and on which the appellant relies, respects the objection to the testimony which has been referred to. In respect to the ruling of the court adjudging this testimony incompetent, it may be said the case was tried to the court, the testimony was offered, and the court sustained the objection, holding it inadmissible under the issues. There is quite an attempt in the argument to change the line of defense from that occupied at the trial and presented by the answer.

In order to escape the force and effect of some very well settled legal propositions respecting commercial paper, the appellant endeavors to bring his case by argument within that line of decisions which adjudge parol testimony admissible in suits on promissory notes in aid of a defense which might perhaps be said to vary the terms of the contract. The cases which announce this exception to the general rule always place the decisions on the ground of a conditional delivery of the paper. Nothing is more clearly established than this general rule respecting bills of exchange and promissory notes. Parol evidence is inadmissible to vary or contradict the specific terms of the contract. All the defenses which depend on proof of extraneous facts and which rest on evidence of a failure to perform some agreement made by the maker which would vary, if enforced, the terms of his engagement, are universally adjudged inadmissible, unless the

evidence shows the delivery to have been conditional. Daniel on Negotiable Instruments, vol. 1, sec. 80 ; *Brown v. Spofford*, 95 U. S. 474 ; *Forsythe v. Kimball*, 91 U. S. 291 ; *Burnes v. Scott et al.*, 117 U. S. 582 ; *Allen et al. v. Furbish*, 4 Gray, 504.

The production of the note establishes the plaintiff's title, and, in the absence of other testimony, shows him to be a holder for value. Authorities *supra; Spencer v. Carstarphen*, 15 Colo. 445 ; *Perot v. Cooper*, 17 Colo. 80 ; *Salazar v. Taylor*, 18 Colo. 538.

There is no necessity to elaborate this principle. The plaintiff produced the notes and was entitled to recover, unless there was some testimony to invalidate his apparent title. It cannot be successfully contended the company offered any evidence which sustained the defense pleaded. If everything contained in Newberry's deposition had been admitted or regarded by the court as admissible, there would yet have been a failure to establish the conditional delivery which is essential to the admissibility of that class of testimony. Newberry himself did not swear to it, nor taken as a whole did his testimony tend to show an agreement to deliver the notes on the condition that the treasury stock should be surrendered. His deposition contained some evidence in that direction, but taken as a whole it does not support it. In addition to this, it very clearly appears from the testimony the notes were executed in Aspen, by the officers of the company, and delivered to Wheeler in settlement of a just claim of twenty odd thousand dollars which he had against the company. If there had been any sort of an arrangement between Newberry and Wheeler at the time of the negotiations, it was not shown to have been carried on in behalf of the company, to have been adopted or accepted by the board or directors, who alone had the right to act, nor that the delivery by the officers in Aspen was at all conditional or dependent on performance of any agreement made by Newberry and Wheeler. Newberry's testimony did not tend to show a completed agreement between himself and

Wheeler, but the whole thing was left open to an examination of the company's books and an ascertainment of what had been done by Wheeler for the company and what he was entitled to receive.    These circumstances entirely deprive his testimony respecting the condition of any force or value. A still stronger answer to the contention is found in Wheeler's testimony.    The company put him on the stand, and while there is some controversy about his cross-examination, the company continued the examination and developed the fact that there was no agreement about the delivery of the treasury stock which could be taken as a condition.    When they put a witness on the stand who denies what has been set up as a defense, we have a right to assume it was not maintained. According to Wheeler's testimony, the notes were delivered in settlement of a just account owing by the company, which, according to his contention, was not then, and never had been, the owner of the treasury stock.    We therefore conclude the defense was not established.

The circumstances of the trial likewise deprive the plaintiff of any advantage to be gained by an argument on the alleged error resulting from the exclusion of testimony.    The case was tried to the court.    It heard the testimony, and although it may have erred in its exclusion or in sustaining objections to it, yet if it appears, had the testimony been admitted, no other or different judgment could have been rendered, it furnishes no ground to reverse the judgment. The error, if any, was not prejudicial, and no advantage can be taken of it.    *Andrews v. Carlile*, 20 Colo. 370.

This discussion disposes of all the matters which have been pressed on our attention and of all possible reasons which can be urged for the reversal of the judgment.    Finding no errors adhering to the record, the judgment will be affirmed.

*Affirmed.*