Wilson, J.
The summons issued and served in this case was entitled *512 in favoi' of “ Sam ” Rich, plaintiff, and recited, inter alia, “ The nature of this action is as follows, viz: To recover the sum of $375, due to plaintiff from defendant under contract of employment entered into between plaintiff and defendants whereby defendants agreed to employ plaintiff at an agreed salary of $125 per month, for the period of six months, and at the conclusion of three months discharged plaintiff without cause and in violation of said contract, and for costs.” Within ten days after service of summons, the complaint was filed, which was entitled in favor of “ Samuel ” Rich, plaintiff. It alleged in substance that on June 1, 1895, plaintiff entered into the service of defendants under a contract of employment for six months, at the rate of $125 per month, payable monthly. It then continued as follows :
“ 3. That the plaintiff continued in said employ until the first day of September, 1895, and was ready and willing to remain in the same for the remainder of said term, but the said defendants, J. V. Collins & Co., refused to retain the plaintiff'in their said employment, and discharged the plaintiff therefrom without any reasonable cause whatever, and have thence hitherto refused to employ the plaintiff for the remainder of said term.
“ 4. That the said plaintiff has thereby lost the wages he otherwise would have obtained from other employment; that the said defendants have wholly refused to pay him the said wages; that the said plaintiff has been unable to obtain other employment; all of which has been to the damage of said plaintiff in the sum of five hundred ($500.00) for which he brings suit.”
The plaintiff demanded judgment for $500 and costs. The defendants appeared specially, and moved that the summons be set aside, quashed and held void, because of an alleged fatal variance between it and the complaint, in that it did not set forth correctly the name of the plaintiff, and did not state truthfully the sum of money or other relief demanded in the action. The motion was sustained, and from this plaintiff appeals.
*513 Previous to 1889, a summons was required to contain, among other things, a brief statement of the nature of the action. Since that time, however, this is not necessary, the only requirement of the code as to the action or the judgment desired being that the summons shall “ briefly state the sum of money, or relief demanded in the action.” Code, sec. 34. This same section further provides that the summons shall not be construed void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading. The code itself also expressly provides that its provisions and all proceedings, under it, shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice, and that at every stage of an action the court shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties. Code, secs. 78, 443. The supreme court has repeatedly recognized this policy of the code as declared in these sections, and has also declared in accordance with this policy that mere dilatory motions based upon special appearances are not favored under the present practice. Burkhardt v. Haycox, 19 Colo. 341; Andrews v. Carlile, 20 Colo. 370. It is manifest without argument that a defect in the summons which will be sufficient to constitute it void or erroneous must be of such a character as to mislead the defendant to his prejudice, and to prejudicially affect, or tend to so affect, some substantial right. This doctrine has also been repeatedly affirmed by both the supreme court and tins court, in respect to all errors occurring in the .trial of a cause. Andrews v. Carlile, supra. As conclusive on this question, however, the provisions of the code in reference to service of summons were amended in 1891, and it was specially provided that the amendatory act should be liberally construed and that no service of summons should be set aside or quashed for any technical error, defect or omission either in the summons or in its service, which did not affect some substantial right of the defendant served. Laws, 1891, p. 83; Mills’ Code, sec. 38a. Tested *514 by these rules and these express provisions of the code, both contentions of defendant are untenable. We do not see how defendant could have been misled to his prejudice by a summons giving the Christian name of the plaintiff as “ Sam.” It is well and universally known as an abbreviation of Samuel, and in addition to this, the recitals of the summons itself in regard to the employment were sufficient to unquestionably identify the party. Moreover, the motion to quash was not made until after the complaint was filed, and in this the plaintiff’s name was given as “ Samuel.”
Neither do we see how defendants’ rights were prejudiced by reason of the fact that the sum for which judgment was demanded in the complaint was stated to be $500, whilst in the summons it was alleged to be $S75. If defendants had not appeared and judgment had been rendered by default, it could not have been for a greater sum than that stated in the summons. If they appeared and answered, even though the relief demanded both in the summons and the complaint corresponded, judgment could have been given for a greater amount if warranted by the evidence. Code, sec. 169 ; Andrews v. Carlile, supra. In addition to this, we think that a reasonable construction of the language used both in the complaint and in the summons makes it apparent that plaintiff was basing his right to recover upon the amount of wages which he would have received for the unexpired term of his contract of employment, namely, three months. It is true that the phraseology of the complaint might have been somewhat improved, but its defects, if there were any, were not such as to materially mislead. The words, “ That the said plaintiff had thereby lost the wages he otherwise would have obtained from other employment,” might possibly not have been necessary, but the words immediately following, “ that the said defendants have wholly refused to pay him the said wages,” indicate, when taken in connection with the recitals of the summons and other parts of the complaint, that the plaintiff sought to recover a sum equal to the amount of the wages which he would have earned under the contract dur *515 ing the three months in which defendants refused to employ him, and that the suit was upon this right of action. Neither hi terms nor upon principle does Farris v. Walter et al., 2 Colo. App. 450, support the contention of defendants. In that case, the summons under consideration wholly failed to state any sum of money sought to be recovered from, or any relief prayed against, the defendant. The defendant therefore was not advised of that which the code said that he must be advised, nor of that which was necessary in order to enable him to decide whether or not he would take any steps to defend. There is a wide difference between a total failure and an inaccuracy or incompleteness of a required statement, and especially so where the inaccuracy does not prejudicially affect a party nor tend in any manner to his injury. If the doctrine contended for by defendants in this case should be upheld, a very slight variance between the recitals of the summons and the complaint, and one which could by no possibility work any material injury, would defeat the service of the summons. This' would be repugnant not only to the general policy and object of the code, but to its express provisions. If there was any defect in the summons or variance between its recitals and those of the complaint, it was not prejudicial to defendants, and the motion to quash should have been denied.
The judgment will be reversed.

Reversed.