[No. 1999.]

## WILSON v. THE UNION DISTILLING COMPANY ET AL.

1. REFEREES—DISCRETION OF COURT.

When the trial of an issue of fact requires the examination of any long account on either side, a reference may be ordered, but whether or not a case shall be sent to a referee is discretionary with the court.

2. PRACTICE IN CIVIL ACTIONS—PLEADING—PRAYER FOR RELIEF.

Where an answer has been interposed in an action, the relief which may be allowed is not dependent on the prayer of the complaint, but any relief may be granted consistent with the case made by the complaint and embraced within the issues. And if, under the pleadings and proofs, the plaintiff is entitled to a judgment at law, the fact that his prayer is, in form, for relief in equity is without significance.

3. SAME—REFEREES—ACCOUNTING.

Plaintiff alleged that defendant had collected a certain amount of money on accounts assigned to him under a written contract, whereby defendant was to pay over the amount collected to plaintiff, less his reasonable costs and charges, alleged what was a reasonable charge and prayed that defendant be compelled to account for the money collected, and that plaintiff have judgment for the amount less the reasonable costs and charges. Defendant alleged a contemporaneous parol agreement, whereby he was authorized to employ a collector at a certain salary and expenses, and that the payment of such salary and expenses together with defendant's compensation had consumed the amount collected. *Held* that the action was one for trial by a jury and did not require a reference to a referee.

4. PLEADING—OBJECTIONS WAIVED.

In an action to recover money collected by defendant for plaintiff, where the complaint alleged the amount not as upon plaintiff's knowledge, but as in accordance with defendant's statement and the allegation was not challenged in the trial court, as against an objection raised on appeal, plaintiff will be held to have adopted defendant's statement so that the effect is the same as if directly alleged by plaintiff.

5. EVIDENCE—WRITTEN AND PAROL CONTRACTS.

Evidence of a prior or contemporaneous parol agreement is never admissible to vary the terms of a valid written contract.

6. SAME.

In an action to recover money collected by defendant for plaintiff upon accounts assigned to defendant for that purpose by a written contract, wherein defendant agreed to pay the money over to plaintiff

as collected after deducting his reasonable cost and charges, evidence of a contemporaneous agreement, whereby defendant was to employ a collector at a certain salary per week and expenses, to make the collections, was inadmissible in defense as it was in conflict with the written contract.

7. EVIDENCE—EXPERT WITNESSES—CUSTOMS.

In an action to recover money collected by defendant, an attorney, under a contract wherein he was to turn over the money as collected to plaintiff less his reasonable cost and charges for making the collection, where an issue was made as to what was a reasonable charge for the services, other attorneys engaged in the business of collecting were competent expert witnesses to testify as to what was a reasonable charge, and it was admissible evidence for them to testify as to what was a customary charge for such services amongst attorneys doing that kind of business.

*Appeal from the District Court of Arapahoe County.*

Mr. E. H. WILSON, *pro se*, and Mr. E. E. EDMONDS, for appellant.

Messrs. FELKER & DAYTON, for appellees.

THOMSON, J.

On the 9th day of May, 1896, the appellees, the appellant, and one Albert Hall entered into an agreement in writing, which, after reciting an indebtedness from Hall to the appellees in various sums, aggregating $4,013.99, provided for the assignment by Hall, to the appellant of certain accounts owing to Hall, to secure the latter's debt to the appellees; the appellant, who was an attorney at law, agreeing to collect the accounts with all convenient speed and dispatch, and, after deducting his reasonable costs and charges for collecting the same, to pay, at the expiration of every thirty days, the sums collected to the appellees.

On June 14, 1897, the appellees brought this suit against the appellant, setting forth the contract, and alleging that he had collected, on the accounts, a large sum of money, stated by himself to be $2,625.93, of which he had paid to the plain-

tiffs the sum of $300, and no more.   It was also averred that the reasonable costs and charges of the defendant for making the collections did not exceed twenty-five per cent of the amount collected.   The prayer was that the defendant be compelled to account for the moneys collected by him ; that he be allowed his reasonable costs and charges for making the collections, and that the plaintiffs have judgment for the residue.

The defense sought to be interposed was an alleged parol agreement between the parties, made contemporaneously with the execution of the written contract, whereby the defendant was authorized to employ a collector at a salary of $15.00 per week and expenses, to travel about and endeavor to collect the accounts ; the employment of a collector pursuant to the agreement, and the payment of his salary and expenses for a year, whereby, in connection with the time and services of the defendant himself, the sums collected were consumed, so that the amount which he had paid to the plaintiffs was more than was due them.

Before the cause came on for trial, the defendant moved the court for an order of reference, on the grounds that the action was brought to obtain an accounting, and that the examination of a long and complicated account was necessary, The motion was denied.   Against the defendant's objection, the cause was submitted to a jury, who, after hearing the evidence, and being instructed by the court, returned a verdict of $1,669.45 for the plaintiffs.   Judgment was entered on the verdict, and the defendant appealed.

The first question to be considered is whether the court erred in denying the motion for a reference, and submitting the cause to a jury.   The complaint alleged the collection by the defendant of a large amount of money, which, on the latter's statement, was fixed at $2,625.93.   An order of accounting was prayed to ascertain the amount collected, and the amount to which the defendant was entitled for its collection, and judgment was demanded for the residue.   What the pleader's opinion was of the nature of the proceeding he

instituted, is not very clear from the pleading he drew. But no facts were alleged which brought the action within the jurisdiction of a court of equity. The suit was for the recovery of moneys collected by the defendant for the appellees, after his reasonable costs and charges should be deducted. It was, therefore, cognizable only at law, and was triable by a jury, unless the nature of the action required a reference. The grounds of the motion to refer were that the suit was brought for an accounting, and that the examination of a long and complicated account was necessary to the determination of the cause. A reference may be ordered when the trial of an issue of fact requires the examination of any long account on either side. Mills' Ann. Code, sec. 204. But whether a case shall be sent to a referee, is discretionary with the court. Possibly, conditions might exist which would render a refusal to order a reference an abuse of judicial discretion, and, therefore, erroneous; but it is needless to speculate concerning a hypothetical case. Such conditions had no existence in the case at bar. That the complaint concluded with a prayer for an accounting does not, in the least, affect the situation. Where an answer has been interposed, the relief which may be allowed is not dependent upon the prayer. Any relief may be granted, consistent with the case made by the complaint, and embraced within the issue. Mills' Ann. Code, sec. 169; *Kayser* v. *Maugham*, 8 Colo. 232; *Andrews* v. *Carlile*, 20 Colo. 370; *Waterbury* v. *Fisher*, 5 Colo. App. 362. And if, under the pleadings and proofs, the plaintiffs were entitled to a judgment at law, the fact that their prayer was in the form of a prayer for relief in equity, is without significance. *Becker* v. *Pugh*, 9 Colo. 589. Nor is the objection to the complaint that it averred the amount collected, not as of the plaintiffs' own knowledge, but as in accordance with the defendant's statement, now tenable. Certainly such pleading in an action at law is not to be commended; but the allegation passed unchallenged in the court below, and, as against the objection made here, the plaintiffs must be held to have adopted the defendant's statement, so that the effect

is the same as if the averment had proceeded directly from them.

At the trial, the questions to be determined were, what was the amount that was collected? and what was the value of the defendant's services for the collection? and there was no more necessity to turn the case over to a referee than there is in any action brought upon a money demand against which the defendant may have a legitimate set-off or counterclaim. The cause was properly tried by a jury.

At the trial, the defendant sought to prove that before, or at the execution of the written contract, there was a parol agreement which authorized the incurring by him of certain expenses in connection with the collection, or attempted collection, of the accounts generally. The following statement by his attorney, made in court during the trial, serves to acquaint us with the nature of the evidence he proposed to introduce: "We offer to show by the witness Hall, that before the execution of this agreement and the assignment of these accounts, he refused to execute the agreement only upon condition that his bookkeeper, Nathan T. Plummer, should be employed by the assignee, Mr. Wilson, and that Mr. Plummer should receive for his services the sum of $15.00 per week and his traveling expenses."

We agree with counsel that a contract may rest partly in writing, and partly in parol, and also that in certain cases, parol evidence of extraneous facts and circumstances is admissible in explanation of a written agreement. 1 Greenl. Ev. § 282 *et seq.* But the written and parol parts of the contract must be consistent with each other, and proof of the outside facts and circumstances may be resorted to for the purpose only of ascertaining what the parties meant by the language employed in the writing. In both cases parol evidence is admissible to enable the court or jury to find what the contract really was. But such evidence of prior or contemporaneous facts is never allowable to contradict or vary the terms of a valid written instrument. 1 Greenl. Ev. § 275. The evidence upon which the defendant insisted at the trial,

and of the character of which the statement we have quoted is given only as an illustration, does not come within either of those cases. The agreement he sought to prove authorized the employment by him of a collector at a salary and expenses to travel and work in the collection of the accounts. Necessarily such salary and expenses would be chargeable against the plaintiffs without reference to the collector's success or want of success in making the collections. But by the express terms of the written contract, the defendant was to receive compensation only for the collections actually made. He explicitly agreed to collect the accounts with all convenient speed and dispatch, and after deducting his reasonable costs and charges for collecting the same, to pay the sums collected to the plaintiffs at the expiration of every thirty days. At each monthly payment, the defendant was to deduct from the sums then collected, his costs and charges for collecting those sums, and turn the residue over to the plaintiffs. Under the agreement which the defendant sought to prove, he would have been entitled to the same costs and charges, whether the collections were made or not. There was a fatal conflict between the parol and the written contract; and to permit proof of the former would have involved a denial of elementary principles.

The plaintiffs introduced a number of attorneys engaged in the business of collecting accounts to prove what the collection of the accounts placed in the defendant's hands was reasonably worth. The introduction of the evidence met with vigorous resistance from the defendant, and he now says its admission was error. Some of the witnesses, in making their estimate of value, testified to the custom of lawyers engaged in the business of collecting, and the ground of defendant's objection to the evidence is that knowledge of the custom was not brought home to him, either actually or presumptively. The custom spoken of was not asserted as the foundation of a right, or a ground of liability, or as a usage which had become a local law, and with reference to which the parties must, therefore, be presumed to have con-

tracted.  See Bouvier's Law Dictionary, tit. Custom.  The complaint alleged that the reasonable costs and charges for collecting the accounts were not to exceed twenty-five per cent of the amount collected.  The answer denied that such reasonable costs and charges did not exceed twenty five per cent, and averred that the reasonable costs and charges for the collection of the accounts, was, in addition to the expenses incurred, fifty per cent of the amount collected.  The latter averment was denied by the replication.  Under the issue so made, the question was not what the custom of collectors was, but what were the reasonable costs and charges to be deducted for the collections.  It does not appear that any proceedings were had in the matter of the collections, whereby costs were incurred, so that it was only the reasonableness of the charges that was to be inquired into, and the question was one of value. The witnesses were competent to testify what it was worth to make these collections, and that to aid them in forming their opinion, they resorted to the custom of collectors in Denver, is without significance.  They had the right to draw upon such custom, or upon any other outside fact for the data which would enable them to fix the just compensation to which the defendant was entitled, but neither such custom nor such other fact was a factor in the case, and the law applicable to custom was not involved.  We are not advised how the question of the defendant's reasonable charges could have been determined by any other method, or how the value of his services could be found, except upon the testimony of experts.  No better or other method was suggested at the trial, and none is suggested now.  The defendant made no effort to weaken the testimony which was given, or to show that the witnesses undervalued his services.  On the question of compensation, his sole proposition of proof that by virtue of a parol agreement, contemporaneous with, or prior to, the written contract, he had employed a collector to work upon the accounts, whose salary and expenses had swallowed up the money brought in by the collections, was properly and righteously rejected.  The court submitted the case to the

jury fairly, and their verdict was fully warranted by the evidence.

Let the judgment be affirmed.

*Affirmed.*

WILSON, P. J., not sitting.